DANIEL SIEGMAN *et al.*, Plaintiffs-Appellees, v. BOARD OF EDUCATION OF PUTNAM COUNTY SCHOOL DISTRICT NO. 535, PUTNAM COUNTY, Defendant-Appellant (Kline's School and Charter Bus Co., Inc., Intervening Defendant-Appellant).

Third District   Nos. 3—84—0495, 3—84—0521 cons.

Opinion filed April 10, 1985.

Walter Durley Boyle, of Boyle, Goldsmith & Shore, of Hennepin, for appellant Board of Education of Putnam County School District No. 535.

Stuart L. Whitt, of Matthews, Dean, Simantz, Hem & Whitt, P.C., of Aurora, for appellant Kline's School and Charter Bus Co.

Joseph E. Lanuti, of Lanuti, Martin & Lanuti, of Ottawa, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:
This case comes on appeal by the defendant board of education (hereinafter board) from an adverse decision by the trial court. Inter-

vening defendant Kline's School and Charter Bus Co., Inc. (hereinafter Kline's) also appeals from the trial court's denial of Kline's petition to intervene.

On May 16, 1984, the board sought bids for its regular bus service needs, seeking costs for various types of service. The bids were opened June 11, 1984. The board's transportation committee evaluated each bid proposal. The committee made recommendations to the board as to which type of service to select. The board awarded the contract for busing service to Kline's. On June 29, plaintiffs Daniel Siegman and Starved Rock Bus Company filed a complaint against the board. The complaint sought a temporary restraining order, a preliminary injunction, a permanent injunction, and a writ of *mandamus*. The injunctions were to prevent the board from entering into the contract with Kline's. The writ was to order the board to award the contract to plaintiff, Starved Rock. Because of our decision today, we will not discuss the substance of the allegations in the complaint.

The hearing on plaintiff's petition for a temporary restraining order was scheduled for July 17, 1984. Kline's appeared at that time and sought a hearing instanter on its petition to intervene. The trial court denied the petition and proceeded to a full hearing on all issues. The trial court found in favor of the plaintiffs and granted the relief sought. Both the board and Kline's appeal the issuance of the injunction and *mandamus*. Kline's also appeals the denial of the petition to intervene.

■ We choose to examine only whether the trial court properly denied Kline's petition to intervene. We find that the denial was improper. The relevant statute is section 2—408 of the Code of Civil Procedure. It reads in pertinent part:

> "(a) Upon timely application anyone shall be permitted as of right to intervene in an action: *** (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action ***." Ill. Rev. Stat. 1983, ch. 110, par. 2—408.

Kline's clearly falls within the statute. As this court just recently held in *Burt v. Board of Education* (1985), 132 Ill. App. 3d 393, a company that has been awarded a contract by a school board is an indispensable party in an action challenging the award of the contract. In *Burt*, the successful bidder was not made a party to the action. The defendant school board in that case sought to vacate the trial court's orders on the basis that the successful bidder was a necessary party that should have been joined. We sustained the vacation on the

grounds that the successful bidder had an interest in the contract and the litigation that required adequate protection and representation.

The present situation is analogous. Kline's had been awarded the contract. The action before the trial court was to prohibit the board from proceeding on the contract with Kline's. Kline's was not before the court but for its petition to intervene. The board was not an adequate representative of Kline's rights (*cf. Burt v. Board of Education* (1985), 132 Ill. App. 3d 393), and an injunction by the lower court would certainly be binding on Kline's.

We hold that a successful bidder to a school board contract has standing to intervene as of right. This applies in cases where a taxpayer or an unsuccessful bidder is challenging the award of the contract by the board of education. The successful bidder has legal rights to protect, a contract, sometimes amounting to several hundred thousand dollars, as in this case. To say that in such cases the school board supplies adequate representation for the absent successful bidder is incorrect.

■ The question of adequacy of representation is not answered by considering the competency of the counsel of a present party. Even though a present party may have the most competent counsel, that counsel may still have adverse interests to those of the absent party. No man can serve two masters. The question actually deals with representation in terms of being heard in the matter before the court. If a party is about to have its contract with another affected by an injunction, that party is certainly entitled to be in court to argue its own case. The basic requirements of due process guarantee the opportunity to be heard. This cannot be met, as plaintiffs imply, by having a plaintiff select one party as defendant and having the third party bound by the actions of the defendant's attorneys.

■ As the statute indicates, a trial court has little discretion in questions of intervention as of right. The only question is whether the application was made in a timely fashion. The application here was made prior to the start of the hearing on the temporary restraining order. If, as the trial court found, the application was found to be wanting, the trial court could have continued the matter, proceeding only on the restraining order. Then Kline's would have the opportunity to cure any existing defects. The trial court recognized the existence of merit in Kline's petition. Substantial justice requires that Kline's be allowed to intervene.

Kline's properly attempted to intervene. Although not required by statute, plaintiffs should have included Kline's as a party defendant. Sound civil practice strongly suggests that plaintiffs challenging

school board actions should include the successful bidder in the action. This would enable the trial court to hear all matters in one proceeding. The possibility that the successful bidder, whose contract was enjoined, may bring a later action against the board does exist. (*Cf. Burt v. Board of Education* (1985), 132 Ill. App. 3d 393.) We cannot say, however, that failure to do so would be fatal to an action. That is best left to the legislature, not the courts.

Discretion in allowing intervention is provided for in other situations in the later subsections of section 2—408. Here, however, the trial court was required to allow Kline's petition. It did not do so. Therefore, the decision from the hearing on the merits must be vacated, as Kline's presence was necessary for a proper determination of all matters.

Because of our decision here, the order of the trial court pertaining to the restraining order, the injunctions, and the writ of *mandamus* is hereby vacated. The order of the trial court as to the denial of intervention is hereby reversed. The cause is remanded to the circuit court of Putnam County for a full hearing on the matter with Kline's School and Charter Bus Co., Inc., allowed to intervene.

Vacated in part, reversed in part and remanded.

BARRY and SCOTT, JJ., concur.